UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DANIEL SHURTZ

    Plaintiff,                    Civil Action No. 15-14152
                                  Honorable Gerald E. Rosen
        v.                    Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS [R. 12]**

## I.    INTRODUCTION

Plaintiff Timothy Daniel Shurtz applied for disability benefits on May 1, 2012. [R. 1, PgID 2, 52]. In a decision dated December 18, 2013, an administrative law judge found him to have been disabled as of May 24, 2009, but Shurtz then received a letter stating that his benefits would only be calculated from May 2011. [*Id.*, PgID 3; R. 1-1, PgID 52]. Shurtz appealed this ruling to the Social Security Administration Appeals Council, which denied his request on September 2, 2015. [R. 1-1, PgID 60]. Consistently with 42 U.S.C. § 405(g), the denial letter instructed Shurtz that he had sixty days to file a civil action appealing the decision, and that he

was presumed to have received the denial letter five days after it was issued. [*Id.*, PgID 61]. That translated into Shurtz's complaint being due by November 6, 2015. The Commission indicates that it has no record of Shurtz requesting an extension, but he nonetheless filed a complaint after the deadline, on November 25, 2015. [R. 13-1, PgID 105; R. 1].

The Commissioner moves for dismissal of Shurtz's complaint because it was not timely filed. [R. 12]. Shurtz did not file a response to the Commissioner's motion within the twenty-one day period required under E.D. Mich. LR 7.1(e)(1). The Court recommends that the Commissioner's motion be granted.

The sixty-day limit set forth in § 405(g) is a statute of limitation that is strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Although traditional equitable tolling principles apply to the § 405(g) limit, *Id.* at 480, Shurtz has the burden of justifying his untimely filing. "In the context of § 405(g), 'traditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances.'" *Alexander v. Comm'r of Soc. Sec.*, No. 13-11696, 2015 WL 4429521, at *2 (E.D. Mich. July 20, 2015) (quoting *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007)). Thus, Shurtz was required to show that his failure to meet the § 405(g) deadline was due to circumstances beyond his control.

*Alexander*, 2015 WL 4429521 at *2. Here, Shurtz has failed to provide any excuse for his late filing either in his complaint or in response to the Commissioner's motion.

The Court therefore **RECOMMENDS** that the Commissioner's motion to dismiss [R. 12] be **GRANTED**, and that the instant matter be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 29, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

3

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
