**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY DANIEL SHURTZ,

               Plaintiff,               Case No. 15-14152
                                            Hon. Gerald E. Rosen

v.                                  Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         October 19, 2016

      PRESENT:      Honorable Gerald E. Rosen
                           United States District Judge

On April 29, 2016, Magistrate Judge Elizabeth A. Stafford issued a Report

and Recommendation ("R & R") recommending that the Court grant the

Defendant Commissioner of Social Security's motion to dismiss Plaintiff Timothy

Daniel Shurtz's *pro se* complaint. As grounds for this ruling, the Magistrate Judge

found that Plaintiff had failed to bring this suit within the 60-day period of

limitation set forth in 42 U.S.C. § 405(g) for seeking judicial review of the

decision of an Administrative Law Judge ("ALJ"), and that he also had failed to

provide any excuse for his untimely commencement of this action.  Indeed, the
Magistrate Judge observed that Plaintiff did not file a response to Defendant's
motion to dismiss.

In objections to the R & R filed on May 10, 2016, Plaintiff now seeks to
provide the excuse for untimely filing that he failed to supply in response to
Defendant's underlying motion to dismiss.[1]  Specifically, while Plaintiff
acknowledges that he was advised in a September 2, 2015 letter from the Appeals
Council that he had 60 days to seek judicial review of the ALJ's decision, he
points to other language in this letter stating that he should "contact the local
Social Security field office that serves you" if he wished to challenge the "amount
of accrued benefits awarded" to him in light of the ALJ's decision.  (Defendant's
Motion, Ex. 2, 9/2/2015 Notice of Appeals Council Action at 2.)  Because Plaintiff
viewed the ALJ's decision as fully favorable to him, and took issue only with the
determination that his eligibility for benefits dated back to May of 2011 rather
than December of 2009, he understood the September 2, 2015 letter as directing
him to raise this concern with his local Social Security field office rather than the

---

[1]Although Plaintiff's May 10, 2016 submission is captioned as a response to
Defendant's motion, the time for responding to this motion had passed, and the
Magistrate Judge had already issued an R & R recommending that this motion be granted.
Accordingly, the Court will construe this submission as lodging objections to the R & R.

courts.  Plaintiff further states that when a case worker at this local office advised him on November 2, 2015 that only the courts, and not the field office, could provide the relief he was seeking, he then commenced this suit on November 25, 2015.  Under these circumstances, Plaintiff contends that he should not be held to the strict 60-day deadline set forth in 42 U.S.C. § 405(g).

As explained in the Magistrate Judge's R & R, however, while this 60-day limit is subject to equitable tolling, an untimely filing nonetheless may only be justified by "a showing of extraordinary circumstances."  (R & R at 2 (internal quotation marks and citations omitted).)  As noted in Defendant's response to Plaintiff's objections, Plaintiff acknowledges that he learned on November 2, 2015 that he needed to file a civil suit in order to secure the award of benefits he was seeking.  At that point, four days remained before the 60-day filing deadline of November 6, 2015.  Yet, rather than promptly commencing this action by the November 6 deadline or seeking an extension of this deadline from the Appeals Council — a possibility of which Plaintiff was expressly advised in the Appeals Council's September 2, 2015 letter, (*see* Defendant's Motion, Ex. 2, 9/2/2015 Notice of Appeals Council Action at 2-3) — Plaintiff instead waited nearly three weeks past this deadline before bringing this suit on November 25, 2015.  The Court agrees with Defendant that equitable tolling is not appropriate under these

circumstances.[2]

In any event, the Defendant Commissioner observes that since Plaintiff commenced this action, the Social Security Administration evidently has corrected a clerical error that apparently prevented Plaintiff from receiving benefits dating back to December of 2009. (*See* Defendant's 5/24/2016 Response to Plaintiff's Objections, Ex. 1, 5/14/2016 Notice of Change in Benefits.) In light of this recent corrective action, it appears that Plaintiff has secured the entirety of the relief he sought in this suit. Consequently, even if Plaintiff's complaint were not subject to dismissal as untimely filed, this case nonetheless would be dismissed as moot.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's April 29, 2016 Report and Recommendation (docket #14) is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED, for the reasons stated in the R & R as supplemented by the rulings in the present order, that Defendant's

---

[2]The Court further observes that it is questionable whether Plaintiff has preserved his appeal to equitable tolling. As noted, Plaintiff did not respond to Defendant's underlying motion to dismiss, but instead has sought to excuse his untimely filing through an argument advanced for the first time in his objections to the Magistrate Judge's R & R. The law is clear, however, that an issue may not be raised for the first time in a party's objections to a Magistrate Judge's report and recommendation. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Dixon v. Commissioner of Social Security,* No. 10-14283, 2012 WL 113522, at *1 (E.D. Mich. Jan. 13, 2012).

March 23, 2016 motion to dismiss (docket #12) is GRANTED.

<div style="margin-left: 40%;">

s/Gerald E. Rosen_____

United States District Judge

</div>

Dated:  October 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 19, 2016, by electronic and/or ordinary mail.

<div style="margin-left: 40%;">

s/Julie Owens_____

Case Manager, (313) 234-5135

</div>